J-A06030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD WALKER | : | |
| | : | |
| Appellant | : | No. 853 EDA 2024 |

Appeal from the PCRA Order Entered January 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012167-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD WALKER | : | |
| | : | |
| Appellant | : | No. 854 EDA 2024 |

Appeal from the PCRA Order Entered January 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013498-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RONALD WALKER | : | |
| | : | |
| Appellant | : | No. 855 EDA 2024 |

Appeal from the PCRA Order Entered January 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013501-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

J-A06030-25

|  |  | : |  |
| --- | --- | :-: | --- |
| | v. | : | |
| | | : | |
| | | : | |
| RONALD WALKER | | : | |
| | | : | |
| | Appellant | : | No. 856 EDA 2024 |

Appeal from the PCRA Order Entered January 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013502-2014

BEFORE:   PANELLA, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                                     **FILED MARCH 25, 2025**

In these consolidated appeals, Appellant, Ronald Walker, appeals *pro se* from the January 8, 2024 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  After careful review, we affirm on the basis that Appellant's PCRA petition is untimely and this Court, thus, lacks jurisdiction to review it.

The relevant facts and procedural history are as follows.  Following indictment by a grand jury, on April 15, 2015, a jury convicted Appellant of Burglary, Aggravated Assault, Involuntary Deviate Sexual Intercourse, and other related offenses arising from his violent assault of his former paramour and the burglary of a daycare center owned by the victim.  On September 15, 2015, the trial court sentenced him to an aggregate term of 36 to 90 years of incarceration.  On August 23, 2018, this Court affirmed Appellant's judgment of sentence.  ***Commonwealth v. Walker***, 195 A.3d 1019 (Pa. Super. 2018)

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

(non-precedential decision). On September 4, 2019, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Walker**, 217 A.3d 793 (Pa. 2019). Appellant's judgment of sentence, thus, became final on December 3, 2019. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

On December 9, 2019, Appellant *pro se* filed a first PCRA petition. Counsel subsequently filed an amended petition, asserting claims of ineffective assistance of counsel, prosecutorial misconduct, and an illegal convening of the Commonwealth's indicting grand jury, which rendered the court without jurisdiction, and the imposition of an illegal sentence. During the litigation of this PCRA petition, Appellant requested the disclosure of a "certificate of averment" that he claimed the Commonwealth should have filed with the Pennsylvania Supreme Court in order to proceed by way of an indicting grand jury pursuant to Pa.R.Crim.P. 556. According to Appellant, the "certificate of averment" did not exist and, therefore, the Commonwealth illegally convened the indicting grand jury, thus, depriving the trial court of jurisdiction over him.

On January 8, 2021, the PCRA court dismissed Appellant's petition as meritless, and this Court affirmed on December 15, 2021.[1] **Commonwealth v. Walker**, 270 A.3d 1144 (Pa. Super. 2021) (non-precedential decision). On

---

[1] The PCRA court rejected Appellant's claim that the Commonwealth improperly convened the indicting grand jury and denied Appellant's request for the paperwork certifying the grand jury. **See** PCRA Ct. Op., 3/31/21, at 6.

- 3 -

September 21, 2022, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Walker***, 285 A.3d 328 (Pa. 2022).

On January 29, 2023, Appellant *pro se* filed the instant PCRA petition,[2] claiming once again that the Commonwealth improperly commenced the indicting grand jury resulting in a conviction by an "unlawful tribunal." PCRA Petition, 1/29/23, at 6. Appellant again requested the grand jury materials he requested in his first PCRA petition. In the petition, Appellant did not invoke any exceptions to the PCRA's one year-jurisdictional time-bar.

On June 22, 2023, Appellant filed a Petition to Unseal [Indicting Grand Jury] Documents. Following a hearing, the court denied Appellant's motion to unseal the record.[3]

On October 20, 2023, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 indicating that Appellant's Petition was "untimely filed, and the issues have either been previously litigated and/or are without merit." Rule 907 Notice, 10/20/23. Appellant filed a response to the Rule 907 notice on November 20, 2023, in which he argued, *inter alia*, that the court should deem his petition

_____

[2] Appellant titled this filing "*Habeas Corpus ad Subjiciendum* or Great Writ." Because the PCRA is the sole means of achieving post-conviction relief, the PCRA court properly treated Appellant's filing as a PCRA petition. ***See*** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies[.]").

[3] The denial of the petition to unseal the record is currently pending before this Court. ***See Commonwealth v. Walker***, 2867 EDA 2023.

timely because, prior to the adoption of the PCRA's one-year jurisdictional time-bar, the Pennsylvania Supreme Court in **Commonwealth v. Lawson**, 549 A.2d 107, 112 (Pa. 1998) held that "second or subsequent PCRA petitions will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." Response, 11/20/23, at 3. He also attempted to invoke, for the first time, the governmental interference and newly-discovered facts exceptions to the PCRA's one-year jurisdictional time-bar. On December 7, 2023, the PCRA court dismissed Appellant's PCRA petition.[4]

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following seven issues on appeal:

1. Whether [the] PCRA court erred and/or abused its discretion by dismissing [Appellant's] PCRA [petition] without an evidentiary hearing, deeming it to be meritless, untimely, and/or previously litigated[?] Therein [Appellant's] claims are cognizable under [Section] 9545(b)[(1)](ii) and satisfies the Lawson standard[, **Commonwealth v. Lawson**, 549 A.2d 107 (Pa. 1988)]? Whereas, [Appellant] plead and proved that the newly discovered facts, along with government interference, that was not available to [Appellant] from trial court, the Commonwealth and prior counsels, and until recently, which is supported by the record.

2. Whether [the] PCRA court erred and or abused its discretion when it deemed [Appellant's] *Habeas Corpus Ad Subjiciendum* as 2nd PCRA petition, when [Appellant] provided the PCRA court with a preponderance of after discovered evidence, provided to [Appellant], while [Appellant's] initial PCRA petition was

_____

[4] The PCRA court entered the order formally dismissing Appellant's petition on January 8, 2024.

- 5 -

pending, and thereafter[?] While the PCRA court had jurisdiction over subject matter, it could have deemed [Appellant's] petition to be a supplement to [Appellant's] initial PCRA petition. Thus, the after-discovered facts substantiated [Appellant's] claims in his initial PCRA petition.

3. Whether [the] PCRA court erred and/or abused its discretion by dismissing [Appellant's] PCRA without an evidentiary hearing, where there was "testimonial" hearsay from an unavailable witness against defendant, thus, prohibited unless the defendant had the opportunity to confront witness[?] This infringement violated [Appellant's] Due Process Rights and Confrontation Clause, covered by the 6th and 14th Amendment of the United States Constitution, also, Article I § 9, § 11, of the Pennsylvania Constitution.

4. Whether the PCRA court erred and/or abused its discretion when it dismissed [Appellant's] PCRA petition without an evidentiary hearing, for the Commonwealth to disclose how [Appellant] was indicted by a grand jury on a matter in which no complaint was filed and that Pa.R.Crim.P. 502 was not satisfied[?] This violated the Due Process provisions within the United States Constitution and the Pennsylvania Constitution.

5. Whether the PCRA court erred and/or abused its discretion when it dismissed [Appellant's] PCRA petition without an evidentiary hearing, when [Appellant] received newly discovered facts, *inter alia*, unredacted grand jury transcripts, of how there was no law discussed on record, prior to the deliberation of both grand jury hearings on 10/17/14 and 11/19/14, and disclosed it to the PCRA court[?] Thus, [Appellant] contends that the indictment was rendered in the absence of proper discussion of law on every element, even the lesser of the offense charged. Th[i]s violated [Appellant's] Due Process provisions within the United States Constitution and the Pennsylvania Constitution.

6. Whether [the] PCRA court erred and/or abused its discretion when it dismissed [Appellant's] PCRA petition without an evidentiary hearing, therein, [Appellant] claims the court[']s usurpation of the General Assembly's power when it divested jurisdiction of the Court of Common Pleas to empanel a grand jury, to proceed to trial by a grand jury indictment,[] 42 Pa.C.S. § 8931, while there is another instrument for the courts to proceed to trial, [] 42 Pa.C.S. § 8931[?] This is also defined

and reiterated in the Pennsylvania Administrative Code, Title 204, Part VII, § 201.3(b). Thus, [Appellant's] former attorney[]s, retained trial counsel, Michael McDermott, court appointed sentencing counsel, Robert Dixon, and court appointed PCRA counsel, Lawrence O'Conner, never discussed this law to [Appellant], nor argued it before [the] trial court or PCRA court.

7. Whether [the] PCRA court erred and/or abused its discretion when it dismissed [Appellant's] PCRA petition without an evidentiary hearing, therein, whereas, [Appellant's] Due Process rights were violated, hence the showing to the PCRA court and the Commonwealth of a preponderance of the evidence that the intentions of the Pennsylvania Supreme Court was for the President Judge of the Court of Common Pleas or its Designee, to file a petition to the [P]ennsylvania Supreme court for permission to summon a grand jury, for each use[?] Furthermore, [Appellant] militated newly discovered facts to the PCRA court and to the Commonwealth showing that no "Order" was granted to summons a[] grand jury and how other Judicial Districts, *i.e.*, the 15th and the 23rd judicial Districts, filed several petitions to the Pennsylvania Supreme Court, seeking permission to summons a grand jury. Thus, the judgment of the PCRA court exercised, was manifestly unreasonable, appearance of impropriety, partiality and prejudice to [Appellant].

Appellant's Brief at 1-4 (footnotes and unnecessary emphasis omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." **Commonwealth v. Smith**, 167 A.3d 782, 787 (Pa. Super. 2017).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than three years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2). "[E]xceptions to the time-bar must be pled in the PCRA petition[.]" ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007). A time-bar exception raised for the first time in response to a court's Rule 907 notice is not preserved for review. ***Commonwealth v. Derrickson***, 923 A.2d 466, 469 (Pa. Super. 2007).

Here, as noted above, Appellant did not plead or prove in his PCRA petition any of the exceptions to the PCRA's time-bar. Rather, he attempted to invoke the governmental interference and newly-discovered facts exceptions for the first time in his response to the PCRA court's Rule 907 notice. The response to the Rule 907 notice is not a petition. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1192 (Pa. Super. 2012),

- 8 -

*overruled in part by* **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). Accordingly, because Appellant did not plead or approve any exceptions to the PCRA's one-year time bar, we are without jurisdiction to consider the merits of this appeal. We, thus, affirm the denial of relief.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/25/2025